UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NAUTILUS INSURANCE COMPANY,
an Arizona corporation,

      Plaintiff,               Case No.:_____

vs.

ISLAND AVENUE GENERAL
CONTRACTORS, INC., a Florida
Corporation and YOSVANY PELAEZ,
individually,

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, NAUTILUS INSURANCE COMPANY ("NAUTILUS") by and through its undersigned attorneys, hereby files this action for declaratory judgment, pursuant to Fed. R. Civ. P. 57, against Defendants, ISLAND AVENUE GENERAL CONTRACTORS, INC. ("ISLAND AVENUE") and YOSVANY PELAEZ ("PELAEZ") and alleges as follows:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

2.     This action seeks money damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees, as the commercial lines policy at issue provides coverage for occurrences up to $1,000,000.

3.     At all times material to this action NAUTILUS was a foreign corporation whose principal place of business is 7233 E. Butherus Drive, Scottsdale, Arizona, 85260.

NAUTILUS is duly licensed to transact and was transacting business in the State of Florida.

4.      At all times material hereto PELAEZ was a resident of Miami, Dade County, Florida.

5.      At all times material hereto ISLAND AVENUE was a Florida corporation authorized to do business in Florida with its principal place of business in Miami, Dade County, Florida.

6.      The incident giving rise to this declaratory judgment occurred in Miami, Dade County, Florida, and thus venue is proper.

## GENERAL ALLEGATIONS

7.      NAUTILUS issued a Commercial Lines Policy to ISLAND AVENUE, bearing policy number NC642789, for the policy period beginning April 27, 2007 and ending April 27, 2008.   A true and correct copy of the Commercial Lines Policy is attached hereto as exhibit "A."

8.      On or about October 16, 2007, PELAEZ was performing interior construction services in a retail use building located at 4141 NE 2nd Avenue, Miami, Florida.

9.      On or about October 16, 2007, PELAEZ fell from a scaffold while performing painting and/or other construction services in said building.  PELAEZ filed a complaint against ISLAND AVENUE, 4141 Design Corp., Terra Nova Corporation, Pegasus Interior Construction Corp., Campos Interior Inc., and Mt. Holy Insurance Company.   PELAEZ filed two counts against ISLAND AVENUE, Count III for negligence and Count VII for failure to procure worker's compensation.  A true and

correct copy of PELAEZ' Complaint (hereinafter, the "underlying complaint") is attached hereto as Exhibit "B."

10.     In the underlying complaint, PELAEZ alleged, among other things, that on or about October 16, 2007, the said building located at or near 4141 NE 2nd Avenue, Miami, Dade County, Florida, was owned, and/or controlled, and/or managed, and/or operated, and/or maintained by ISLAND AVENUE, and the construction was supervised and/or performed by ISLAND AVENUE (underlying complaint ¶12).  PELAEZ alleges that he fell from a scaffold while performing painting and/or other construction services in said building underlying complaint ¶ 16).

11.     PELAEZ alleges that all defendants failed to procure worker's compensation insurance for him and negligently failed to provide PELAEZ with a safe work place, reasonable supervision, appropriate safety equipment, and/or to provide him with warnings and instruction on the use of dangerous tools (underlying complaint ¶¶ 18, 31, 53).

12.     Subsequently, ISLAND AVENUE filed a claim with NAUTILUS and counsel for ISLAND AVENUE was retained by NAUTILUS to provide a defense in the underlying action.  The defense was provided subject to a reservation of rights.

13.     On May 28, 2009, PELAEZ was deposed and a true and correct copy of the deposition is attached hereto as Exhibit "C."  In his deposition, PELAEZ admitted that he was employed by Renaldo Campos on the day of the accident, owner of Campos Interior, a subcontractor used by ISLAND AVENUE.

14.     Specifically, PELAEZ provided the following information:

> Q.     Who were you working for on the day you had the accident that we are here about?

A.      For Renaldo Campos.

(Pelaez Deposition, page 12)

Q.      Did you ever hear of somebody named Steve Marquette or Marquet?

A.      Yes.

Q.      An who was he?

A.      He is the one that would get the jobs for Lazaro and for Renaldo Campos.

Q.      Did you ever meet him?

A.      I did not meet him in person but I saw him from far away.

(Pelaez Deposition page 44)

15.     Steve Marquette is the owner of ISLAND AVENUE.

16.     NAUTILUS has complied with all conditions precedent to bringing this declaratory judgment against ISLAND AVENUE and PELAEZ.

## COUNT I – DECLARATORY JUDGMENT AS TO ISLAND AVENUE

17.     NAUTILUS restates and realleges Paragraphs 1 through 16 as they are fully set forth herein.

18.     This action addresses a genuine justifiable issue in an actual controversy between the parties upon matters of insurance coverage.

19.     This action arises out of an insurance coverage dispute between NAUTILUS and ISLAND AVENUE with respect to NAUTILUS' duty to indemnify ISLAND AVENUE under the subject Commercial Lines Policy for potential damages allegedly suffered by PELAEZ arising out of the underlying complaint.

20.     The subject Commercial Lines Policy sets forth terms and provisions giving rise to this insurance coverage dispute.   The policy provides under the Coverage Section:

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

21.     Bodily injury is defined under the policy as:

**SECTION V-DEFINITIONS**

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

22.     Accordingly, there is no coverage for personal injury claims by any employee of the insured arising out of or in the course of his employment.   The policy specifically provides in Form L205 Exclusion:

**EXCLUSION -INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND WORKERS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     Exclusion a **Employer's Liability** under Paragraph 2., Exclusions of **Section I - Coverage A -Bodily Injury And**

**Property Damage Liability** is **replaced** by the following:

This insurance does not apply to:

**e.        Employer's Liability**

"Bodily injury" to:

(1)        An "employee" of an); insured arising out of and in the course of:

(a)          Employment by any insured; or

(b)          Performing duties related to the conduct of any insured's business; or

This exclusion applies:

(1)        Whether any insured may be liable as an employer or in **any** other capacity; and

(2)        To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**C**        For the purpose of this endorsement, the definition of "Employee" in the **Definitions** Section is **replaced** by the following:

"Employee" is any person or persons who provide services directly or indirectly to any insured, regardless of where the services are performed or where the "bodily injury" occurs, including, but not limited to a "leased worker", a "temporary  worker", a "volunteer worker", a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or  any  insured's  contractor,  subcontractor,  or independent contractor. This definition of "employee" will not modify; the provisions of Section II — Who is An Insured.

23.        Furthermore, the Exclusion section in form CG0001 (12/04) of the policy provides as follows:

**2.        Exclusions**

This insurance does not apply to:

  **d.**  **Workers' Compensation And Similar Laws**

    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

24. A genuine controversy currently exists between the parties relating to their respective legal rights and duties under the subject policy, and specifically as to whether NAUTILUS has any obligation to indemnify ISLAND AVENUE for any damages awarded to PELAEZ in the underlying complaint.

25. On or about October 16, 2007, PELAEZ was performing duties for ISLAND AVENUE, as an "employee" pursuant to the subject policy. As the incident in the underlying complaint arose out of these services performed by PELAEZ for ISLAND AVENUE and its co-defendants, NAUTILUS has no duty to indemnify ISLAND AVENUE. Moreover, any duty to indemnify is further excluded under the above referenced workers' compensation exclusion, where there is no coverage for any "bodily injury" where the insured has an obligation to afford workers' compensation coverage or any similar law.

## COUNT II – DECLARATORY JUDGMENT AS TO PELAEZ

26. NAUTILUS restates and realleges Paragraphs 1 through 16 as they are fully set forth herein.

27. This action addresses a genuine justifiable issue in an actual controversy between the parties upon matters of insurance coverage.

28. This action arises out of an insurance coverage dispute between NAUTILUS and ISLAND AVENUE with respect to NAUTILUS' duty to indemnify

ISLAND AVENUE under the subject Commercial Lines Policy for potential damages allegedly suffered by PELAEZ arising out of the underlying complaint.

29.    The subject Commercial Lines Policy sets forth terms and provisions giving rise to this insurance coverage dispute.  The policy provides under the Coverage Section:

## SECTION I - COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.    Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

30.    Bodily injury is defined under the policy as:

## SECTION V-DEFINITIONS

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

31.    There is no coverage for personal injury claims by any employee of the insured arising out of or in the course of his employment.  The policy specifically provides in Form L205 Exclusion:

## EXCLUSION -INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND WORKERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**      Exclusion a **Employer's Liability** under Paragraph 2., Exclusions of **Section I - Coverage A -Bodily Injury And Property Damage Liability** is **replaced** by the following:

This insurance does not apply to:

>**e.      Employer's Liability**

"Bodily injury" to:

(1)      An "employee" of an); insured arising out of and in the course of:

(a)         Employment by any insured; or

(b)         Performing duties related to the conduct of any insured's business; or

This exclusion applies:

(1)      Whether any insured may be liable as an employer or in **any** other capacity; and

(2)      To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**C**      For the purpose of this endorsement, the definition of "Employee" in the **Definitions** Section is **replaced** by the following:

"Employee" is any person or persons who provide services directly or indirectly to any insured, regardless of where the services are performed or where the "bodily injury" occurs, including, but not limited to a "leased worker", a "temporary worker", a "volunteer worker", a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor. This definition of "employee" will not modify; the provisions of Section II — Who is An Insured.

32.      Furthermore, the Exclusion section in form CG0001 (12/04) of the policy provides as follows:

**2.      Exclusions**

This insurance does not apply to:

**d.      Workers' Compensation And Similar Laws**

> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

33.    Based on the foregoing policy provisions, NAUTILUS is unsure of any obligation to PELAEZ under the subject policy in view of these circumstances and has filed this action to obtain a judicial declaration concerning its rights and obligations under the subject policy.

34.    On or about October 16, 2007, PELAEZ was performing duties for ISLAND AVENUE, as an "employee" pursuant to the subject policy. As the incident in the underlying complaint arose out of these services performed by PELAEZ for ISLAND AVENUE and its co-defendants, there is no coverage for any damages claimed by PELAEZ under the policy issued by NAUTILUS to ISLAND AVENUE. Moreover, there is no coverage for any damages claimed by PELAEZ pursuant to the above referenced workers' compensation exclusion, where there is no coverage for any "bodily injury" where the insured has an obligation to afford workers' compensation coverage or any similar law.

35.    In filing this Complaint for Declaratory Judgment, NAUTILUS is not waiving any other common law, statutory and/or policy defense that it may have in this matter, to the extent that the incidents giving rise to the underlying action fail to trigger and/or are otherwise excepted from coverage under the subject policy.

## **DEMAND FOR JURY TRIAL**

36.     NAUTILUS hereby demands trial by jury of all issues so triable.

WHEREFORE, NAUTILUS respectfully requests that this Court enter a Judgment in its favor declaring that NAUTILUS has neither the duty nor the obligation to duty to indemnify ISLAND AVENUE under the subject policy for potential damages allegedly suffered by PELAEZ arising out of the underlying complaint.  Furthermore, NAUTILUS respectfully requests that this Court enter a Judgment in its favor declaring that NAUTILUS has no duty to PELAEZ under the subject policy for any damages or claims arising out of the underlying complaint and for interest and costs, and for any other relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this _____ day of April 2010.

_____
Andrew P. Rock, Esquire
Florida Bar No. 0656437
Email: arock@rocklawpa.com
The Rock Law Group, P.A.
1760 Fennell Street
Maitland, FL 32751
Telephone: (407) 647-9881
Telecopier: (407) 647-9966
Attorneys for Nautilus Insurance Company

APR/JAA/nc

11